# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ABBVIE INC., | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 1:23-cv-02836 |
| | ) |
| v. | ) Hon. Jorge L. Alonso |
| | ) |
| PAYER MATRIX, LLC | ) Hon. Magistrate Young B. Kim |
| | ) |
| Defendant. | ) |

**DEFENDANT'S MOTION FOR A STATUS CONFERENCE TO ADDRESS THE EVIDENTIARY SCOPE AND SCHEDULING ISSUES ATTENDANT TO THE <u>JANUARY 4, 2024 PRELIMINARY INJUNCTION HEARING</u>**

Defendant Payer Matrix, LLC ("Payer Matrix"), by its counsel, respectfully requests that the Court convene a short status conference among the parties (via Zoom, telephonic, or in person) to discuss the Court's expectations as to the scope of the evidence, potential live testimony and scheduling concerning the preliminary injunction hearing now set for January 4, 2024 at 11:30 a.m. In support of this motion, Payer Matrix states as follows:

1. On May 5, 2023, Plaintiff AbbVie Inc. ("AbbVie") filed a 50-page, 166-paragraph Complaint seeking significant monetary and other relief under the Illinois Consumer Fraud and Deceptive Practices Act, 815 ILCS 505/1, *et seq.*, the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1, *et seq.*, and tortious interference with prospective business opportunity. At bottom, the Complaint seeks to entirely eliminate from the marketplace <u>all</u> companies that provide Alternative Funding Program ("AFP") services. In concert with pharmacy benefit managers ("PBMs"), third-party administrators ("TPAs") and other health care professionals, providers such as Payer Matrix assist individuals with gaining access to free or low-cost specialty drugs not otherwise covered by their health insurance plans, including from patient assistance programs

("PAPs") offered by Big Pharma companies such as AbbVie. Specifically, AbbVie is upset that self-funded health plans—*i.e.*, those plans in which the employer (not a commercial insurance company) assumes the financial risk for providing health care benefits to its members—along with PBMs and TPAs, carve out coverage for these exorbitantly priced specialty drugs (all of which they are free to do) and contract with AFP service providers to assist the plan beneficiaries in applying to AbbVie's PAP.

2. The subtext of AbbVie's lawsuit is clear: the employer self-funded plans should be saddled with the costs of these exorbitantly priced drugs so that AbbVie and its Big Pharma cohorts can maximize their respective bottom lines. Magistrate Judge Kim put it best at the very outset of the July 19, 2023 hearing when he reviewed the AFP structure and observed: "What is wrong with that? In other words, what is wrong with taking advantage of perhaps a loophole? . . . What's the unlawfulness of that particular process?" (*See* Transcript of July 19, 2023 Hearing, at 4:1-2, 14-15.) AbbVie had no sensible answer.[1]

3. Following the July 19th hearing, the parties proceeded with expedited discovery in anticipation of an eventual preliminary injunction hearing. Most recently, on October 11, 2023, AbbVie filed a 54-page amended memorandum in support of its preliminary injunction motion that marches through in *ad nauseum* fashion (and with lots of artistic license) historic presentations, marketing materials, and email exchanges dating back to 2020. (*See* Dkt. Nos. 109[2] & 110.[3]) AbbVie has also filed six lengthy declarations purportedly supporting its plea for injunctive relief which actually cover the kitchen sink of largely inapposite issues. Specifically,

---

[1] Payer Matrix has filed a motion to dismiss the Complaint in its entirety, which is fully briefed and pending before the Court.

[2] Redacted version.

[3] Unredacted, sealed version.

AbbVie's declarations include (a) "experts" opining on $109 million in alleged lost sales and administrative costs resulting from Payer Matrix's conduct; (b) summarizing charts created by AbbVie's counsel (and not independently verified); and (c) a curious legal conclusion of an expert on whether PAP applicants assisted by Payer Matrix experience a change in their actual insurance status (from insured to underinsured/uninsured) due to the carve-out of specialty drugs from the employer self-funded plans. On this lattermost issue, the representation regarding insurance status is made by each PAP applicant, which Magistrate Judge Kim observed was accurate when stated in the PAP application. (*See* Transcript of July 19, 2023 Hearing, at 5:1-12.)

4. Respectfully, Payer Matrix believes some direction and guidance is required as to the Court's expectations for the January 4, 2024 hearing. Payer Matrix anticipated, consistent with the operative legal factors at issue at the preliminary injunction stage, that arguments and related evidence would be centered on, *inter alia*: (a) a description of Payer Matrix's business model to determine AbbVie's likelihood of success on the merits given its fraud-based legal claims (*i.e.*, does Payer Matrix provide a legitimate service to help enhance savings for employers' self-funded insurance plans while also helping patients navigate the PAP process, or alternatively, does Payer Matrix mastermind some illegally fraudulent "scheme" crafted by AFP service providers to plunder Big Pharma of its specialty drug bounty to the supposed detriment of Illinois consumers?); (b) alleged ongoing conduct occurring during the second half of 2023 and continuing (or likely to continue) in the future that can be remedied by provisional injunctive relief (as opposed to conduct in 2020, 2021 and 2022, which is relevant only to the query of whether AbbVie has had knowledge of Payer Matrix's business model for several years[4]); and (c) what possible irreparable harm exists

---

[4] Not only with AbbVie's full knowledge, but also with their full cooperation. AbbVie worked together with Payer Matrix's Care Coordinators to help process hundreds of applications for members that Payer Matrix assisted before 2023.

that could properly be remedied by injunctive relief? As to point (c), the existence of PAPs has been identified by Congress and industry-wide as a taint on the Big Pharma's reputational standing, and not (as AbbVie portrays here) a shining example of its unassailable civic virtue.[5]

5. Given the January 4th hearing date falls at the tail end of the Holiday travel season, it will also assist the parties to have notice—sooner rather than later—of any requisite court appearances by any witnesses whose testimony the Court would prefer to hear in live form, as well as any deadlines in this time period regarding additional pre-hearing submissions (*e.g.*, motions to strike expert testimony and/or exclude newly produced evidence, witness lists, exhibits, etc.).

6. WHEREFORE, Payer Matrix respectfully asks the Court to convene a brief status conference to discuss the format (oral or live testimony), scope of issues, and related expectations for the January 4, 2024 preliminary injunction hearing. Payer Matrix understands it may be necessary for the Court to review the briefing on the preliminary injunction issues, once completed, to determine if the Court wants to hear live testimony. But Payer Matrix would greatly appreciate any guidance the Court can provide in advance of the forthcoming hearing date.

Dated: October 20, 2023

Respectfully submitted,

/s/ *David M. Poell*
David M. Poell (ARDC #6302765)
Kenneth E. Rechtoris (ARDC #6190285)
K. Hope Harriman (ARDC #6342138)
SHEPPARD MULLIN RICHTER & HAMPTON LLP
321 North Clark Street, 32nd Floor
Chicago, Illinois 60654
dpoell@sheppardmullin.com

---

[5] *See, e.g.*, Letter from Sens. Elizabeth Warren & Sheldon Whitehouse to Jonathan Chiedi, Acting Inspector General of U.S. Dep't of Health & Human Services (Dec. 4, 2019), *available at* https://www.warren.senate.gov/oversight/letters/senators-warren-and-whitehouse-call-for-reforms-to-eliminate-big-pharma-kick-back-schemes-via-patient-assistance-programs; Suzanne M. Kirchhoff, *Prescription Drug Discount Coupons and Patient Assistance Programs (PAPs)*, Congressional Research Service (Sept. 12, 2022), *available at* https://crsreports.congress.gov/product/pdf/R/R44264.

krechtoris@sheppardmullin.com
hharriman@sheppardmullin.com
Telephone: (312) 499-6300
Facsimile: (312) 499-6301

Danielle Vrabie (*pro hac vice*)
Meghan M. Stuer (*pro hac vice*)
Katherine Anne Boy Skipsey (*pro hac vice*)
SHEPPARD MULLIN RICHTER & HAMPTON LLP
30 Rockefeller Plaza, 39th Floor
New York, New York 10112
dvrabie@sheppardmullin.com
mstuer@sheppardmullin.com
kboyskipsey@sheppardmullin.com
Telephone: (212) 653-8700
Facsimile: (212) 653-8701

Kathleen M. Stratton (*pro hac vice*)
Calla N. Simeone (*pro hac vice*)
SHEPPARD MULLIN RICHTER & HAMPTON LLP
2099 Pennsylvania Avenue NW, Suite 100
Washington, D.C. 20006
kstratton@sheppardmullin.com
csimeone@sheppardmullin.com
Telephone: (202) 747-2647
Facsimile: (202) 747-3920

*Counsel for Defendant Payer Matrix, LLC*