THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AbbVie Inc., | |
| *Plaintiff*, | Civil Action No. 1:23-cv-02836 |
| v. | Hon. Jorge L. Alonso |
| Payer Matrix, LLC | Magistrate Judge Young B. Kim |
| *Defendant*. | |

**ABBVIE INC.'S RESPONSE TO DEFENDANT'S MOTION FOR A STATUS CONFERENCE TO ADDRESS THE EVIDENTIARY SCOPE AND SCHEDULING ISSUES ATTENDANT TO THE JANUARY 4, 2024 <u>PRELIMINARY INJUNCTION HEARING</u>**

AbbVie Inc. ("AbbVie"), by its counsel, submits this response to Defendant Payer Matrix, LLC's ("Payer Matrix") Motion for a Status Conference to Address the Evidentiary Scope and Scheduling Issues Attendant to the January 4, 2024 Preliminary Injunction Hearing (Dkt., 124) ("the Motion") and states as follows:

1. AbbVie agrees that it would be beneficial to exchange witness and exhibit lists in advance of the preliminary injunction hearing, which is scheduled to begin on January 4, 2024. Payer Matrix's Motion, however, is premature.[1] Until AbbVie has an opportunity to review Payer Matrix's preliminary injunction response brief, AbbVie cannot propose definitive witness and exhibit lists or take a firm position on the topics that should be addressed at the hearing.

---

[1] Payer Matrix's counsel did not confer with AbbVie's counsel in advance of filing the Motion, so the parties did not have an opportunity to discuss scheduling or try to reach an agreed proposed schedule.

2. Although Payer Matrix continues to misrepresent AbbVie's reasons for bringing this lawsuit and continues to try to portray itself as a legitimate business (*see, e.g.*, Motion ("Mot.") at ¶ 1, pp. 1-2),[2] its preliminary injunction response brief will be AbbVie's first opportunity to learn whether Payer Matrix intends to offer any defense to the specific allegations in the Complaint and the evidence supporting those allegations.

3. For example, Payer Matrix's response brief presumably will shed light on whether it is going to concede, consistent with the overwhelming evidence, that it has been engaging in numerous acts of concealment in 2023 to hide its continued submission of applications to AbbVie's Patient Assistance Program ("PAP").

4. The response brief also presumably will reveal whether Payer Matrix intends to offer any evidence to try to support its position that the letters it submitted to AbbVie, which stated that PAP applicants were uninsured for specialty drugs, were accurate. It is telling that even after the parties have produced thousands of pages of documents during expedited discovery and taken 30(b)(6) depositions, Payer Matrix's Motion resorts to misleadingly taking Judge Kim's prior statements out of context as its *only* cited support to establish that the letters were accurate. Specifically, Payer Matrix misrepresents in the Motion that Judge Kim previously observed that the letters were accurate. As support, Payer Matrix cites to page 5, lines 1-12 of the transcript of

---

[2] Payer Matrix contends that it helps "self-funded" plans afford the "exorbitant" costs of specialty drugs. (Mot. at ¶ 1, pp. 1-2.) For purposes of the allegations in this case, there is no material difference between self-funded plans and plans where the commercial insurance company assumes the financial risk. Plan sponsors with a larger number of members commonly utilize self-funded plans because they can spread the risk of high medical costs for a subset of members across the entire member group. Just like with commercially insured plans, the members pay insurance premiums to cover the medical expenses. Furthermore, stoploss insurance is available to self-funded plans to cover any higher than anticipated health care costs, and the cost of the stoploss premiums are typically factored into the amount of the premiums that the plan members are charged. Even if there was a basis to assert that self-funded plans face unique challenges with respect to health care costs, it is not a defense to fraud allegations.

2

a hearing before Judge Kim on July 19, 2023. (Mot. at ¶ 3, p. 3). What Payer Matrix fails to mention is that Judge Kim was merely posing a ***hypothetical question*** to AbbVie's counsel at this discovery conference. In lines 1-12 on page 5, Judge Kim asked the following:

> So, let's just take that for a second. Suppose the worst-case scenario and the best-case scenario you can prove to Judge Alonso is defendant is hired by a self-funded plan. Defendant goes in and says, "Hey, I see that your plan covers these specialty drugs manufactured by AbbVie. Let's just go ahead and take them off the list." You know, we'll go to the pharmacy benefit manager and say, "Hey, carve that out," because then we can go to AbbVie and say, "Hey, these patients are underinsured because they don't get coverage for these medications. But at that time, the representation is accurate. What is wrong with that?

In addition to misleadingly changing a hypothetical question into a purported court finding, Payer Matrix also failed to cite to AbbVie's counsel's response to Judge Kim's hypothetical question, which explained why this case was different than the hypothetical.

> The key is that's not accurate, because [of] what they do after the fact…if they went to the members and said, "We are no longer covering specialty drugs. You're no longer insured for specialty drugs. Sorry. That's not our call. You can choose to leave the employment, not pay premiums anymore, get a different plan on your own," if they did that, then I'm with you on the argument. But that's not what they do. They don't even—a lot of times—and there's variances between the different situations, but a lot of these patients have no idea they no longer have specialty drug insurance. They believe they still have it through their employer's plan. Then they [referring to Payer Matrix employees] represent them to AbbVie as uninsured. And then here's the final hook. If they don't get it [referring to coverage for their specialty drug] through AbbVie's plan because they either have too high of a household income or they're denied for whatever reason, the employer, the plan, still provides the coverage so they're still insured; and what they've represented in the first place is not true, because one, the patients still think they're insured and they're still paying the premiums, and two, they're still guaranteed coverage if they can't get into AbbVie's PAP. So when [they are] represented as uninsured, they are still actually insured. That's the difference.

(Transcript of July 19 Hearing at 5:13-6:11.)[3]

---

[3] Payer Matrix's other cite to the July 19 hearing is equally misleading and attempts to falsely portray Judge Kim as agreeing with Payer Matrix's positions in this case (Mot. at ¶ 2, p. 2) when in fact he was merely asking a number of questions to understand the parameters of AbbVie's claims, which Judge Kim explicitly explained was his intent at the onset of the questions. (Transcript of July 19 Hearing at 2:15-17.) He even warned Payer Matrix's counsel that "nobody should be construing silence as concession." (*Id.* at 4:23-25.)

5. It is also noteworthy that Payer Matrix takes the position that *the patients* made the representations about their insurance status to AbbVie. (Mot., ¶ 3, p. 3.) Payer Matrix takes this position despite its 30(b)(6) witness, Jennifer Hoefner, admitting under oath that Payer Matrix submitted the insurance status letters to AbbVie without most patients ever even seeing the letters. (Hoefner Tr. 214:15-216:1.) Moreover, as detailed in AbbVie's preliminary injunction brief, Payer Matrix told the patients that they were guaranteed continued coverage by their plans if Payer Matrix was unable to get them into AbbVie's PAP. Until AbbVie has clarity on what Payer Matrix intends to offer as a defense on this key point of the case, it cannot conclusively identify its witnesses and exhibits.

6. AbbVie can make a preliminary assessment that it will propose calling Anne Najjar, Dr. Philip Cohen, and Craig Garthwaite at the hearing, all of whom have submitted declarations supporting AbbVie's motion. If Payer Matrix does not intend to call its 30(b)(6) witness, Jennifer Hoefner, AbbVie likely will seek to call her as an adverse witness. Additionally, depending on Payer Matrix's position on the concealment evidence, AbbVie may seek to call some of the Payer Matrix executives and employees involved in the concealment efforts.

---

Yet, Payer Matrix still took selective and misleading excerpts from the transcript and used them as support in the Motion. With respect to Judge Kim's loophole question (Mot. at ¶ 2, p. 2), Payer Matrix fails to cite the portion of the question in which Judge Kim notes that he is setting aside AbbVie's allegations about misrepresentations for the moment and that he also goes on to state, "It's almost like … ***defendant is allegedly trying to use some kind of scheme to get free drugs and sell those drugs for a very heavy discounted price and keep—and pocket the difference.*** But so what? What's the unlawfulness of that particular practice?" (Transcript of July 19 Hearing at 4:3-13.) AbbVie's counsel responded, "The unlawfulness is that they are representing to AbbVie when they submit these patients for the [PAP] that they are not insured for specialty drugs. (*Id.* at 4:16-19.) Similarly misleading, in footnote 5 of the Motion, Payer Matrix cites two reports that have nothing to do with AbbVie, its PAP, or any issues relevant to this case. The first source does not mention AbbVie at all, and the second source references AbbVie in one footnote (FN 37, p. 9) merely for the point that AbbVie offers discounts to commercially insured and uninsured patients taking a drug for hyperthyroidism.

7. Payer Matrix's response to AbbVie's preliminary injunction motion is due on November 15, 2023. Accordingly, AbbVie proposes that the parties' exchange of witness and exhibit lists takes place shortly after this date.

| | |
|---|---|
| Dated: October 23, 2023 | Respectfully submitted, |

/s/ Valarie Hays
Valarie Hays
Daniel E. Raymond
Stephanna F. Szotkowski (*pro hac vice*)
Nicholas C. Zebrowski (*pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
70 West Madison Street, Suite 4200
Chicago, Illinois 60602-4321
valarie.hays@arnoldporter.com
daniel.raymond@arnoldporter.com
stephanna.szotkowski@arnoldporter.com
nicholas.zebrowski@arnoldporter.com
Telephone: (312) 583-2440
Facsimile: (312) 583-2360

Jeffrey L. Handwerker (*pro hac vice*)
Andrew Tutt (*pro hac vice* forthcoming)
Volodymyr Ponomarov (*pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue, NW
Washington, DC 20001-3743
jeffrey.handwerker@arnoldporter.com
andrew.tutt@arnoldporter.com
volodymyr.ponomarov@arnoldporter.com
Telephone: (202) 942-6103
Facsimile: (202) 942-5999

*Counsel for Plaintiff AbbVie Inc.*

## CERTIFICATE OF SERVICE

I, Valarie Hays, one of the attorneys for Plaintiff AbbVie Inc. hereby certifies that on October 23, 2023, I caused the foregoing **ABBVIE INC.'S RESPONSE TO DEFENDANT'S MOTION FOR A STATUS CONFERENCE TO ADDRESS THE EVIDENTIARY SCOPE AND SCHEDULING ISSUES ATTENDANT TO THE JANUARY 4, 2024 PRELIMINARY INJUNCTION HEARING** to be filed through the CM/ECF system of the United States District Court for the Northern District of Illinois thereby serving all counsel of record electronically.

By: */s/* Valarie Hays
Valarie Hays