THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AbbVie Inc., | Civil Action No. 1:23-cv-02836 |
| *Plaintiff*, | |
| v. | The Honorable Georgia N. Alexakis |
| Payer Matrix, LLC, | The Honorable Young B. Kim |
| *Defendant*. | |

**PLAINTIFF ABBVIE INC.'S MOTION TO UNSEAL
THE FIRST AMENDED COMPLAINT**

Plaintiff AbbVie Inc., by and through its counsel, respectively moves to unseal the First Amended Complaint ("FAC") (Dkt. 233). The FAC should be made publicly available in its entirety under the strong presumption of public access to documents utilized in judicial proceedings and under the Seventh Circuit's high standard for withholding information in pleadings.

**I.      Background**

1.      On March 4, 2024, AbbVie filed its Motion for Leave to File the FAC. (Dkt. 178.)

2.      On September 23, 2024, the Court granted AbbVie's motion to file the FAC, with modifications to include AbbVie's supplemental allegations related to newly discovered information. The Court directed AbbVie to file the FAC under seal to give the parties an opportunity to discuss their respective positions on redactions and renegotiate. (Dkt. 229.) The Court also directed AbbVie to file a public, redacted version of the FAC by October 11, 2024. (*Id.*) The Court further instructed the parties to file motions "[i]f any disputes arise concerning the scope or extent of the redactions." (*Id.*)

3. On September 27, 2024, AbbVie filed a sealed version of the FAC. (Dkt. 233.)

4. On September 30, 2024, as a starting point for renegotiating the redactions, AbbVie sent Payer Matrix a version of the FAC with highlighting on the same excerpts AbbVie had previously identified as coming from documents Payer Matrix had marked as confidential during the parties' negotiations and briefing in April and May 2024. Counsel for AbbVie suggested Payer Matrix use the document to add or subtract highlighting to set forth its current starting position on redactions and then the parties could meet to discuss further.

5. On October 9, 2024, counsel for Payer Matrix shared its position by removing highlighting from a few allegations Payer Matrix agreed could be unredacted, consistent with its prior position that it shared via email on April 1, 2024. It also broadened the redactions on approximately 25 paragraphs of the FAC, which were not included in its proposed redactions from April 1, 2024.

6. In justifying its position on the proposed redactions, Payer Matrix referred AbbVie to its email from April 1, 2024.[1] The email asserts that most of the information in the FAC was taken from documents Payer Matrix marked confidential should remain sealed because the information comes from "patient-related documents" or relates to Payer Matrix's "business practices, strategy, and overall competitive advantage." The email lists the beginning bates number for each document that contains information used in the FAC that Payer Matrix believes falls under one of these two categories. But the email does not explain how the information at issue fits within these categories, how the "patient-related document" category is relevant since

---

[1] AbbVie did not attach the email to this Motion to avoid another sealing issue. A redacted version of the email, however, was previously filed. (*See* Dkt. 200, pp. 15-20.)

AbbVie deidentified all patient information included in the FAC, or how Payer Matrix believes it would be competitively harmed if the information is publicly disclosed.[2]

7. On October 10, 2024, the parties met to discuss their respective positions on redactions. Payer Matrix's counsel reiterated that its position is set forth in the April 1 email and declined to provide additional justifications for its proposed redactions. The parties were not able to reach resolution on the redaction issues.

8. On October 11, 2024, contemporaneously with the filing of this Motion, AbbVie filed a redacted public version of the FAC that includes all of the redactions Payer Matrix has requested. It is AbbVie's position that Payer Matrix has not provided a viable basis for these redactions to remain in place going forward.

9. The parties understand that the Court's standing order requires them to propose a briefing schedule for this Motion. The parties are scheduled to file a joint case management plan on October 18, 2024. For judicial economy and convenience, the parties have conferred and propose including a briefing schedule for this Motion in the joint case management plan.

## II. Legal Standard

10. Payer Matrix, as the party seeking to maintain information under seal, bears the burden of persuasion to demonstrate good cause for sealing by "analyz[ing] in detail, document by document, the propriety of secrecy" and "providing reasons and legal citations" for each redaction. *Baxter Int'l, Inc. v. Abbott Lab'ys*, 297 F.3d 544, 548 (7th Cir. 2002).

---

[2] In the April email, Payer Matrix cites two highly distinguishable cases to justify its proposed redactions. *Abbott v. Lockheed Martin Corp.* is an unreported opinion from a different court, in which the sealing request was narrow and implicated only three documents. No. 06-CV-0701-MJR, 2009 WL 1973545, at *3 (S.D. Ill. July 8, 2009). The defendant in that case did not seek "a carte blanche sealing of the documents at issue," and the court emphasized that sealing was appropriate because the documents were used in defendant's ongoing and sensitive bidding process. *Id.* The second case, *F.T.C. v. OSF Healthcare System*, is similarly inapposite. There, disclosure of pricing information would have caused "great economic harm" to the party. No. 11 C 50344, 2012 WL 1144620, at *3 (N.D. Ill. Apr. 5, 2012).

11. "Documents that affect the disposition of federal litigation are presumptively open to public view . . . ." *In re Specht*, 622 F.3d 697, 701 (7th Cir. 2010). As a result, the Seventh Circuit "recognize[s] only three classes of material subject to seal: trade secrets, information covered by a recognized privilege, and information required by statute to be maintained in confidence." *United States v. Sanford-Brown, Ltd.*, 788 F.3d 696, 712 (7th Cir. 2015), *reinstated in relevant part*, 840 F.3d 445 (7th Cir. 2016). To withhold information from filings on the public docket, a party seeking to assert confidentiality must demonstrate—in addition to how the information falls under one of these applicable categories—that there is "good cause to do so." *Bond v. Utreras*, 585 F.3d 1061, 1075 (7th Cir. 2009).

12. Importantly, there is a key distinction between whether information may be properly kept confidential in the course of discovery versus whether it may remain redacted once it has been "used in a court proceeding," at which point it "could influence or underpin the judicial opinion and" is "therefore presumptively open to public inspection." *Id*. at 1075-76 ("The rights of the public kick in when material produced during discovery is filed with the court.").

13. "[I]n the event a party does not show good cause to maintain the confidentiality of any part of the pleading, the entire document will be unsealed and no longer removed from public access." *In re Bank One Securities Litig.*, 222 F.R.D. 582, 586 (N.D. Ill. 2004).

**III.   Argument**

14. To the extent Payer Matrix contends that justifying the redactions according to the applicable legal standard is overly burdensome, it is a burden of its own making. Payer Matrix produced over 112,000 documents during expedited discovery and marked most as confidential.[3]

---

[3] Due to the short time frame of expedited discovery, the substantial volume of documents produced, and the large number of documents that contained protected patient information, AbbVie did not object to Payer Matrix's broad use of the confidential designation for purposes of expedited discovery. But AbbVie's basis

4

It now relies on those designations in support of an overly broad, and legally unsupported, view of what should be properly redacted from the FAC.

15. Payer Matrix's general categorizations are insufficient to carry its burden of persuasion to show that the information in the FAC should remain sealed.

16. With respect to patient information, AbbVie carefully ensured that it did not include details that, taken alone or in combination, could lead to "a reasonable basis to believe the information can be used to identify the individual." 45 C.F.R. § 160.103; *see also Love v. Med. Coll. of Wis.*, No. 15-cv-650, 2016 WL 3064095, at *2 (E.D. Wis. May 31, 2016) (citing 45 C.F.R. § 160.103 to explain standard for when identifiable health information should be sealed).

17. With respect to the business-related information, Payer Matrix has not explained how any of the information at issue constitutes trade secrets or how the disclosures would harm its competitive position. A desire to avoid unflattering information coming to light is not a basis to keep information sealed. *See Baxter Int'l*, 297 F.3d at 547 ("[M]any litigants would like to keep [negative information] confidential, but when these things are vital to the claims made in litigation they must be revealed."); *Mercasia USA Ltd. v. 3BTech, Inc.*, No. 3:17-CV-718 JD, 2022 WL 872735, at *3 (N.D. Ind. Mar. 24, 2022) (rejecting effort to seal information defendant "might wish were not being alleged" but nonetheless "contain[s] arguments and allegations that are integral to the judicial resolution of the issues").

WHEREFORE, AbbVie respectfully requests that the Court enter an order granting its Motion to Unseal the First Amended Complaint.

---

for agreeing to that approach, namely protection of patient information, is inapplicable here because all patient information has been deidentified.

| | |
|---|---|
| Date:  October 11, 2024 | Respectfully submitted, |

*/s/ Valarie Hays*
Valarie Hays
Daniel E. Raymond
Emily Dorner
Nicholas C. Zebrowski (*pro hac vice*)
Stephen Ferro (*pro hac vice*)
valarie.hays@arnoldporter.com
daniel.raymond@arnoldporter.com
emily.dorner@arnoldporter.com
nicholas.zebrowski@arnoldporter.com
stephen.ferro@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
70 West Madison Street, Suite 4200
Chicago, Illinois 60602-4321
Telephone:  (312) 583-2440
Facsimile:  (312) 583-2360

Jeffrey L. Handwerker (*pro hac vice*)
Volodymyr Ponomarov (*pro hac vice*)
jeffrey.handwerker@arnoldporter.com
volodymyr.ponomarov@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue, NW
Washington, DC 20001-3743
Telephone:  (202) 942-6103
Facsimile:  (202) 942-5999

Stephen Cha-Kim (*pro hac vice*)
Max Romanow (*pro hac vice*)
stephen.cha-kim@arnoldporter.com
max.romanow@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019-9710
Telephone:  (212) 836-8000
Facsimile:  (212) 836-8689

*Counsel for Plaintiff AbbVie Inc.*

## CERTIFICATE OF SERVICE

I, Valarie Hays, one of the attorneys for Plaintiff AbbVie Inc., hereby certifies that on October 11, 2024, I caused the foregoing **PLAINTIFF ABBVIE INC.'S MOTION TO UNSEAL THE FIRST AMENDED COMPLAINT** to be filed through the CM/ECF system of the United States District Court for the Northern District of Illinois thereby serving all counsel of record electronically.

By: */s/* Valarie Hays