**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ABBVIE INC., *Plaintiff*, v. PAYER MATRIX, LLC, *Defendant*. | Civil Action No. 1:23-cv-02836 Hon. Georgia N. Alexakis **ORAL ARGUMENT REQUESTED** |

**DEFENDANT PAYER MATRIX, LLC'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

Defendant Payer Matrix, LLC ("Payer Matrix"), by and through its undersigned counsel, hereby moves to dismiss the Complaint filed by Plaintiff AbbVie Inc. ("AbbVie"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In support thereof, Payer Matrix respectfully states as follows:

1. AbbVie's First Amended Complaint (ECF No. 233) does not state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual material, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). And a complaint should be dismissed if "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Under these well-established principles, the First Amended Complaint warrants dismissal in its entirety.

2. Counts I-IV of the First Amended Complaint should be dismissed because AbbVie fails state a claim under 18 U.S.C. § 1962(c) of the RICO Act for three reasons. First, AbbVie fails to plead the existence of a RICO enterprise and/or that Payer Matrix "conducted the affairs" of an

enterprise. Second, the First Amended Complaint does not plead facts indicating Payer Matrix proximately caused AbbVie's alleged RICO injuries. Third, even if AbbVie's allegations satisfied RICO's direct relation requirement (which they do not), AbbVie fails to plead facts indicating Payer Matrix's scheme was directly responsible for AbbVie's alleged RICO losses.

3. Counts V-VI of the First Amended Complaint do not state a Lanham Act claim under 15 U.S.C. § 1125(a)(1)(A) or 15 U.S.C. § 1125(a)(1)(B). AbbVie's allegations fail to plausibly allege a protectable mark or likely customer confusion, which are requirements to state a False Association claim under 15 U.S.C. § 1125(a)(1)(A). Further, all of the statements AbbVie contends constitute False Advertising fail to meet at least one element under 15 U.S.C. § 1125(a)(1)(B) and/or are not pled with particularity under Fed. R. Civ. P. 9(b).

4. Because AbbVie's federal claims, Counts I-VI of the First Amended Complaint, should be dismissed, and the First Amended Complaint's allegations do not establish complete diversity of citizenship between the parties, the Court does not have jurisdiction under § 1331 or § 1332 and should exercise its discretionary power to dismiss the action outright under § 1367(c)(3).

5. Counts VII-X of the First Amended Complaint should also be dismissed because AbbVie has not plausibly alleged its state-law claims. Count VII (Violation of the Illinois Consumer Fraud and Deceptive Practices Act under 815 ILCS 505 *et seq.*), Count IX (Tortious Interference With Business Opportunity), Count X (Common Law Fraud) all fail because these claims rely on an incorrect premise that Payer Matrix misrepresented certain statements, which Payer Matrix demonstrates is false. Count VIII (Violation of the Illinois Uniform Deceptive Trade Practices Act under 815 ILCS 510 *et seq.*) fails for the same reasons as its Lanham Act claims (Counts V-VI).

6. Payer Matrix is contemporaneously filing a Memorandum of Law in support this Motion, which it expressly incorporates by reference as if fully stated herein.

WHEREFORE, Defendant Payer Matrix, LLC respectfully requests that this Court enter an Order: (i) granting Defendant's Motion to Dismiss Plaintiff's First Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6); (ii) dismissing Plaintiff's First Amended Complaint in its entirety and with prejudice; and (iii) awarding any additional relief the Court deems appropriate and just.

Dated: April 22, 2025

Respectfully submitted,

**PAYER MATRIX, LLC**

*/s/ David M. Poell*
David M. Poell (#6302765)
Max Rogers (#6339599)
**SHEPPARD MULLIN RICHTER & HAMPTON LLP**
321 N. Clark St., 32nd Floor
Chicago, Illinois 60654
Tel: (312) 499-6300
Fax: (312) 499-6301
dpoell@sheppardmullin.com
mrogers@sheppardmullin.com

Danielle Vrabie (*pro hac vice*)
Meghan M. Stuer (*pro hac vice*)
**SHEPPARD MULLIN RICHTER & HAMPTON LLP**
30 Rockefeller Plaza
New York, New York 10112
Tel: (212) 634-3081
Fax: (917) 438-6162
dvrabie@sheppardmullin.com
mstuer@sheppardmullin.com

Kathleen M. Stratton (*pro hac vice*)
Calla N. Simeone (*pro hac vice*)
**SHEPPARD MULLIN RICHTER & HAMPTON LLP**
2099 Pennsylvania Ave., NW

Suite 100  
Washington, D.C. 20006  
Tel: (202) 747-1956  
Fax: (202) 747-9456  
kstratton@sheppardmullin.com  
csimeone@sheppardmullin.com  
*Admitted *Pro Hac Vice*

*Counsel for Defendant Payer Matrix, LLC*