UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ABBVIE INC., | ) | |
| | ) | No. 23 CV 2836 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Magistrate Judge Young B. Kim |
| | ) | |
| PAYER MATRIX, LLC, | ) | |
| | ) | March 11, 2026 |
| Defendant. | ) | |

ORDER

Plaintiff sues Defendant for having engaged in a deceptive scheme since 2019 to take advantage of Plaintiff's patient and co-pay assistance programs ("PAP" and "CAP," respectively), causing Plaintiff to suffer monetary and reputational damages. Before the court is Defendant's motion to compel Plaintiff to supplement its responses to Defendant's Interrogatory ("INT") Nos. 8, 12, 13, and 15 and Requests for Production of Documents ("RFP") Nos. 10, 14, 15, 17-19, 23, 27, 31-33, 39, 57, and 60. This Order rules on the motion regarding INT Nos. 8, 13, and 15 and RFP Nos. 10, 14, 15, 23, 27, 32, 33, and 57. For the following reasons, the motion is granted or granted in part as to INT Nos. 8 and 13 and RFP Nos. 10, 14, 15, 23, 32, and 33, but denied as to INT No. 15 and RFP Nos. 27 and 57:

Analysis

A.  Interrogatories

| No. | Ruling |
|---|---|
| 8 | The motion is granted. As framed, there is no rational basis for using 2023 as the end date for the scope of this INT. Plaintiff is ordered to identify other responsive third-party consultants retained after 2023. To be clear, |

| | |
|---|---|
| | if Plaintiff retained consultants after 2023 "that provided analysis, assistance, recommendations, or suggestions . . . regarding any proposed, considered, or implemented changes to AbbVie's PAP in connection with, or in response to, AFPs," it must identify them and disclose "the nature and substance of the analysis, assistance, recommendations, or suggestions." (See R. 454-6 at 8.) |
| 13 | The motion is granted in part and denied in part. This INT seeks information about changes Plaintiff considered and implemented "to address, mitigate, or respond to [alternate funding providers ("AFPs")]." (R. 454-6 at 12.) This portion of the INT is too vague to be meaningful. However, given Defendant's wish to gather discovery for its failure-to-mitigate damages argument, Defendant is entitled to discover the changes suggested or recommended but not implemented. To the extent that Plaintiff only itemized changes it implemented in response to this INT, (id. at 13), the answer is incomplete. The issue of whether it was reasonable for Plaintiff not to have implemented certain suggested changes is not subject to resolution at this time. |
| 15 | The motion is denied. Plaintiff's objections are sustained. |

B.   Requests for Production

| No. | Ruling |
|---|---|
| 10 | The motion is granted in part and denied in part. As framed, Plaintiff is correct that this RFP is too broad in scope. However, this court narrows the scope to documents reflecting Plaintiff's investigations into other AFPs like Defendant for engaging in misconduct in connection with PAP and CAP. This court finds this narrower search and production to be proportional to the needs of this case. As Defendant correctly argues, it is entitled to investigate Plaintiff's theories of damages for both monetary and reputational loss that can be attributable to Defendant and other AFPs. The relevant time period for this RFP is 2019 to the present. |
| 14 & 15 | The motion is granted. The court agrees with Defendant that it is entitled to any AFP-related market research Plaintiff has performed after January 1, 2023. Plaintiff argues that this case is about economic damages Defendant caused, but Defendant is not obligated to accept Plaintiff's theory that economic and non-economic damages can be siloed for each AFP in the marketplace. Plaintiff is ordered to produce post-2023 AFP-related market research to Defendant, if any. |
| 23 | The motion is granted in part and denied in part. Although the scope of this RFP is too broad, Plaintiff is ordered to produce those communications with any government agency about Defendant having engaged in misconduct in connection with Plaintiff's PAP and CAP. |

2

| | |
|---|---|
| 27 | The motion is denied. The court agrees with Plaintiff that Defendant fails to show how the documents it seeks are relevant to the claims or defenses. The claim here centers around Defendant's alleged misconduct in taking advantage of PAP. How much Plaintiff allocates to the program has no bearing on whether Defendant engaged in misconduct or the extent of damages it caused to Plaintiff. |
| 32 | The motion is granted. The court agrees with Defendant that this information for the period of 2019 to the present is relevant to damages. Plaintiff says in its response that it did not take tax deductions for any services provided through PAP. If true, Plaintiff can note "none" in its response. |
| 33 | The motion is granted in part and denied in part. As framed, the scope of this RFP is too broad insofar as Defendant seeks "[a]ll documents and communications relating to strategies, considerations, or efforts to prevent or delay the entry of any Humira biosimilar products into the market." (R. 454-5 at 20.) Also, this court cannot discern the relevance of such documents and Defendant fails to explain the same in its motion. That said, to the extent Defendant takes the position that Plaintiff amended the eligibility requirements for its PAP in 2023 to protect its market share for Humira, Plaintiff would have generated those responsive documents before 2023. As such, the motion is granted only to the extent that Defendant seeks documents reflecting Plaintiff's alleged motivation to use the amended eligibility requirement to protect Humira's market share. If there are no responsive documents, Plaintiff must note, "none." |
| 57 | The motion is denied. Plaintiff represents that as to its CAP-related claims, it is only seeking those amounts Defendant caused to be overcharged to the co-pay cards issued to patients. As such, the overall financial and non-financial impact AFPs have on Plaintiff's CAP is not relevant to this case. |

## Conclusion

For the foregoing reasons, the motion is granted or granted in part as to INT Nos. 8 and 13 and RFP Nos. 10, 14, 15, 23, 32, and 33, but denied as to INT No. 15 and RFP Nos. 27 and 57.

                                        **ENTER:**

                                        **Young B. Kim**
                                        **United States Magistrate Judge**