**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ABBVIE INC., | ) | |
| | ) | No. 23 CV 2836 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Magistrate Judge Young B. Kim |
| | ) | |
| PAYER MATRIX, LLC, | ) | |
| | ) | March 19, 2026 |
| Defendant. | ) | |

**ORDER**

Plaintiff sues Defendant for having engaged in a deceptive scheme since 2019 to take advantage of Plaintiff's patient and co-pay assistance programs ("PAP" and "CAP," respectively), causing Plaintiff to suffer monetary and reputational damages. Before the court is Plaintiff's motion to compel Defendant to search for and produce responsive information and documents from 2019 to the present and to supplement its responses to Plaintiff's Interrogatory ("INT") Nos. 14 and 18 and Requests for Production of Documents ("RFP") Nos. 9, 10, 13, 15-18, 21, 22, 26, 32, 35, 37, 41, 45, 50, 54, 56, 60, 78, 87, and 104-06. This Order rules on the motion regarding INT No. 18 and RFP Nos. 9, 10, 21, 26, 32, 35, 37, 41, 54, 60, 78, and 87. For the following reasons, the motion is granted as to RFP Nos. 10, 21, 54, 60, and 78 but denied as to INT No. 18 and RFP Nos. 9, 26, 32, 35, 37, 41, 54, 60, and 87:

Analysis

**A.      Interrogatory No. 18**

The motion is denied because Defendant's answer is complete and responsive. Plaintiff asks Defendant to indicate whether it plans to "rely on the advice of counsel defense in connection with any of the conduct alleged in the Second Amended Complaint," among other related items.  (R. 457 at 158.)  In response, Defendant answered only that it has not done so.  (Id.)  While the court agrees with Plaintiff that Defendant has the information it needs to know whether it can present an advice-of-counsel defense, Defendant is not obligated to make that strategic decision on Plaintiff's timetable because doing so would result in waiver of attorney-client privilege for such advice and related communications.  That said, Defendant's reservation of rights to offer such defense is limited in that it must supplement its answer to this INT in a timely manner.  Fed. R. Civ. P. 26(e). Failure to do so may result in sanctions, including the waiver of such defense.

**B.      Requests for Production**

| No. | Ruling |
|---|---|
| 9 | The motion is denied.  Defendant's relevance objection is sustained. Plaintiff has not named Defendant's executives as defendants in this case and their financial motive adds nothing of value.  As Defendant points out, it is undisputed that Defendant is a for-profit commercial entity.  Moreover, even if the documents Plaintiff seek hold marginal relevance, this request is disproportionate to the needs of the case, particularly when viewed alongside the breadth of Plaintiff's overall discovery requests. |
| 10 | The motion is granted in part.  This court agrees with Plaintiff that net-worth information can be useful when arguing for punitive damages but also agrees with Defendant that it should not have to produce such sensitive financial information just yet.  Defendant is ordered to produce responsive documents within 14 calendar days of |

| | |
|---|---|
| | any court order indicating that the case will be tried on damages and/or liability (e.g., denial of Defendant's motion for summary judgment). |
| 21, 54 & 60 | The motion is granted in part and denied in part. The court agrees that the scope of these RFPs as framed is indeed unduly broad. The court also agrees that Defendant's suggested scope of production in response to each RFP is generally reasonable and proportional to the needs of this case. Plaintiff argues that "drafts" of documents it seeks "often provide important information[.]" (R. 457 at 20.) But whatever morsel of "important information" Plaintiff may glean from drafts is outweighed by the burden on Defendant in producing them and the importance of such information is muted severely once the drafts are finalized (e.g., final service agreements between Defendant and others). That said, Defendant's suggested scope for RFP Nos. 54 and 60 is too narrow. First, documents responsive to these RFPs are necessarily non-privileged because they consist of information published to others. Second, they are also within Defendant's possession, custody, or control. Third, as narrowed, the scope of production does not impose undue burden. As for RFP No. 60, responsive call scripts cannot be limited to those "related to AbbVie or AbbVie Medicines" unless Defendant generated and deployed unique call scripts for specific pharmaceutical companies. |
| 78 | The motion is granted. The court agrees with Plaintiff that the internal communications generated after the filing of the lawsuit may provide key information about what Defendant knew and when. As such, these communications are relevant to both claims and defenses. Defendant is ordered to produce the responsive communications to Plaintiff and if some are privileged, to produce a privilege log. |
| 87 | The motion is denied. Defendant's scope objection is sustained. Further, this RFP fails to seek documents with any particularity. |
| 26, 32, 35 37 & 41 | The motion is denied. Defendant's scope objection is sustained, and Defendant's proposed scope is both reasonable and proportional. The court agrees with Defendant that Plaintiff's discovery requests must be tethered to the specific claims at issue. Plaintiff lacks standing to prosecute alleged wrongs on behalf of third-party companies that have declined to do so, and Plaintiff may not obligate Defendant to litigate claims that fall outside the scope of this action. |

## Conclusion

For the foregoing reasons, Plaintiff's motion to compel is granted or granted in part as to RFP Nos. 10, 21, 54, 60, and 78 but denied as to INT No. 18 and RFP Nos. 9, 26, 32, 35, 37, 41, and 87.

**ENTER:**

_____
**Young B. Kim**
**United States Magistrate Judge**

4