**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois − CM/ECF NextGen 1.9 (rev. 1.9)**
**Eastern Division**

AbbVie Inc.

Plaintiff,

v.

Payer Matrix, LLC

Defendant.

Case No.: 1:23−cv−02836
Honorable Georgia N. Alexakis

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Friday, September 11, 2026:

MINUTE entry before the Honorable Young B. Kim: Subpoena Respondents' motion for a protective order [[498], [516]] is granted. In their motion, Respondents request that Plaintiff return or destroy documents they initially produced in response to Plaintiff's October 6, 2025 subpoena. Respondents say only about 100 documents from the original production of 2,893 documents ("Original Production") are responsive−−−which already produced to Plaintiff. Plaintiff withheld review of the Original Production pending the court's consideration of this motion but argues that all 2,893 documents must be relevant and responsive because Respondents produced them after a search based on agreed−upon ESI search terms. (See R. 501, Pl.'s Resp. at 2−5; R. 521, Pl.'s Suppl. Resp. at 2, 4.) The court performed an in−camera review of a random sampling of the Original Production as promised and agrees with Respondents that the disclosure of the Original Production would be unduly burdensome. Under Rule 45, the scope of a subpoena to a non−party "is as broad as what is otherwise permitted" under Rule 26(b)(1), Powell v. UHG 1 LLC, No. 23 CV 6389, 2024 WL 4286960, at *2 (N.D. Ill. Sept. 25, 2024), which states "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." But the court must quash or modify a subpoena that subjects the respondent to undue burden. Fed. R. Civ. P. 45(d)(3)(A)(iii)−(iv). The court may also quash or modify a subpoena that requires "disclosing a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 45(d)(3)(B)(i). The court is mindful that "non−party status is a significant factor... in determining whether the burden imposed by a subpoena is undue," Little v. JB Pritzker for Governor, No. 18 CV 6954, 2020 WL 1939358, at *2, (N.D. Ill. April 22, 2020), because while "discovery is by definition invasive [and] parties must accept its travails," nonparties have no "horse in the race" and, as such, "have a different set of expectations" as to what is demanded of them, Papst Licensing GmbH & Co. KG v. Apple, Inc., No. 17 CV 1853, 2017 WL 1233047, at *3 (N.D. Ill. April 4, 2017). Respondents have shown that the Original Production includes Defendant's emails, which Defendant can produce. (See R. 516, Respondents' Suppl. Mot. at 2, 4−7; see also R. 420, Sept. 15, 2025 Hr'g Tr. at 6−7 (notifying Plaintiff that "subpoenas are limited to information and documents that would not necessarily be available to defendant").) Respondents have also shown that the Original Production includes documents reflecting proprietary business information, disclosure of which the court may limit to prevent

Respondents' "direct competitive harm in a highly competitive specialty pharmacy market," (Id. at 3; see also id. at 2−8.) Other documents reflect confidential third−party or HIPAA information. While Plaintiff argues that Respondents' document descriptions indicate that the Original Production includes information relevant to its surviving claims, (see R. 521, Pl.'s Suppl. Resp. at 9−15), the court's in−camera review shows that they are not relevant nor responsive to Plaintiff's subpoena, (see also R. 516 at 2−8). Plaintiff also complains that Respondents are the only source for personal emails of Raymond Mirra−−−Defendant's primary owner, (R. 521, Pl.'s Suppl. Resp. at 9)−−−but Plaintiff has the opportunity to serve a subpoena on Mirra for those relevant emails if Defendant is not deemed to have possession, custody or control. This court's spot check did not reveal any such emails. Finally, the privilege log served on Plaintiff adequately describes all documents Respondents withheld on privilege grounds. (R. 521, Pl.'s Suppl. Resp., Ex. A); see Schaeffer v. City of Chi., No. 19 CV 7711, 2020 WL 7395217, at *3 (N.D. Ill. Dec. 15, 2020) (describing the requirements for a non−party to withhold subpoenaed materials on privilege grounds). For these reasons, good cause exists to grant Respondents' motion for protective order. Plaintiff and Respondents are to meet and confer to discuss the return or destruction of the original production. (ec, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.