**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| AbbVie Inc.,<br><br>*Plaintiff*,<br><br>v.<br><br>Payer Matrix, LLC,<br><br>*Defendant*. | Case No. 1:23-cv-02836<br><br>Hon. Georgia N. Alexakis<br><br>Magistrate Judge Young B. Kim |

**ABBVIE INC.'S UNOPPOSED MOTION TO SUBSTITUTE CORRECTED PUBLIC VERSIONS OF THE DECLARATION OF HANNAH MUMME (ECF NO. 561) AND EXHIBIT A (ECF NO. 562), MAINTAIN EXHIBIT A UNDER SEAL, AND RESTRICT ACCESS TO ORIGINAL FILINGS**

Pursuant to Local Rules 5.8 and 26.2, Plaintiff AbbVie Inc. ("AbbVie") respectfully moves, at Defendant Payer Matrix, LLC's ("Payer Matrix") request and without agreeing that further redactions are required, for an order (1) permitting substitution of corrected public versions of the Declaration of Hannah Mumme in Support of Its Motion to Compel Payer Matrix, LLC to Supplement Production and Respond to Requests for Production ("Declaration") (ECF No. 561) and corresponding Exhibit A (ECF No. 562); (2) permitting the complete, unredacted Exhibit A to be maintained under seal pursuant to the Court's prior sealing order (ECF No. 578); and (3) restricting public access to the original filings at ECF Nos. 561 and 562 while preserving them in the Court's record. AbbVie requests this procedural accommodation solely to avoid an ancillary confidentiality dispute and does not concede the necessity or propriety of the additional redactions.

1. On October 20, 2026, AbbVie filed the Declaration (ECF No. 561) and a public, redacted version of the corresponding Exhibit A (ECF No. 562) in support of its Motion to Compel Payer Matrix, LLC to Supplement Production and Respond to Requests for Production.

2. After the original public filings, Payer Matrix requested that the public version of Exhibit A be fully redacted rather than partially redacted. To avoid unnecessary collateral motion practice, AbbVie agreed to seek leave for the requested change, subject to the Court's approval.

3. At Payer Matrix's request, AbbVie seeks leave to substitute corrected public versions of the Declaration and its corresponding Exhibit A. In the corrected public version of the Declaration, the previously included redacted Exhibit A would be replaced with an exhibit sheet marked "Fully Redacted." If Exhibit A is maintained as a separate public docket entry, the replacement public filing for that entry would consist of the same "Fully Redacted" exhibit sheet, consistent with Local Rule 26.2(c)(1).

4. The requested corrections concern the public treatment of Exhibit A only; the text and substance of the Declaration and Exhibit A otherwise remain unchanged. AbbVie asks the Court to permit these corrected versions to supersede the original public filings and serve as the operative public versions on the docket.

5. The Court has already found good cause to maintain Exhibit A under seal. AbbVie moved for leave to file Exhibit A under seal (ECF No. 563), and the Court granted that motion (ECF No. 578). The corrected public filings simply conform the public docket to that order by replacing the partially redacted public version of Exhibit A with an exhibit sheet marked "Fully Redacted." AbbVie brings this Motion to promptly address Payer Matrix's concern, and the complete, unredacted Exhibit A will remain under seal pursuant to ECF No. 578.

6. AbbVie also requests that the Clerk restrict public access to the original public filings at ECF Nos. 561 and 562 so that the corrected public versions do not coexist with publicly accessible earlier versions. The original entries should remain preserved as restricted filings in the Court's electronic record, with an appropriate docket notation identifying them as superseded.

7. AbbVie maintains that its original filings complied with the Protective Order and Local Rule 26.2 and does not agree that additional redactions are required. This Motion is submitted only to accommodate Payer Matrix's request and avoid an unnecessary confidentiality dispute. Nothing in this Motion constitutes an admission that the original public filings were improper, an endorsement of Payer Matrix's claimed confidentiality interests in the additional material, or a waiver of AbbVie's rights, including its right to challenge confidentiality designations under the Protective Order.

8. On October 21, 2026, counsel for AbbVie conferred with counsel for Payer Matrix concerning the limited procedural relief requested. Payer Matrix did not indicate that it opposes the relief requested.

WHEREFORE, AbbVie respectfully requests that the Court (1) permit AbbVie to substitute corrected public versions of the Declaration and Exhibit A exhibit sheet; (2) permit the complete, unredacted Exhibit A to be filed and maintained under seal pursuant to the Court's order granting AbbVie's motion for leave to file under seal (ECF No. 578); (3) direct the Clerk to restrict public access to ECF Nos. 561 and 562 and identify them as superseded while preserving them as restricted court records; and (4) grant such further relief as the Court deems just and appropriate.

Dated: October 21, 2026

Respectfully submitted,

*/s/ Jon David Kelley*

James F. Hurst, P.C.
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
Telephone: (312) 862-2000
james.hurst@kirkland.com

Jon David Kelley (*pro hac vice*)

Hannah Marie Mumme (*pro hac vice*)
Aysha M. Spencer (*pro hac vice*)
KIRKLAND & ELLIS LLP
4550 Travis Street
Dallas, TX 75205
Telephone: (214) 972-1770
jon.kelley@kirkland.com
hannah.mumme@kirkland.com
aysha.spencer@kirkland.com

*Counsel for Plaintiff AbbVie Inc.*

## CERTIFICATE OF SERVICE

I certify that on October 21, 2026, I electronically filed the foregoing document and any attachments with the Clerk of this Court by using the CM/ECF system, which will accomplish service through the Notice of Electronic Filing for parties and attorneys who are Filing Users.

/s/ *Jon David Kelley*
Jon David Kelley

## CERTIFICATE OF CONFERENCE

I certify that counsel for Plaintiff AbbVie Inc. conferred with counsel for Defendant Payer Matrix, LLC regarding the items presented to the Court in this Motion on October 21, 2026. Payer Matrix did not indicate that it opposes the relief requested, and these matters are therefore submitted to the Court for resolution.

*/s/ Jon David Kelley*
Jon David Kelley